IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ERIC JEROME RHODES | ) | |
| | ) | |
| v. | ) | NO. 3:21-cv-00227 |
| | ) | |
| BEST BRANDS, INC., et al. | ) | |

**TO:** Honorable Aleta A. Trauger, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

This *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Eric Jerome Rhodes ("Plaintiff") is a resident of Bethpage, Tennessee. He filed this *pro se* lawsuit on March 15, 2021, seeking relief under Title VII of the Civil Rights Act of 1964 for alleged employment discrimination. The Court twice advised Plaintiff that he is responsible for serving Defendants with a summons and complaint in compliance with Rule 4 of the Federal Rules of Civil Procedure. *See* Orders entered April 8, 2021 (Docket Entry No. 5), and May 13, 2021 (Docket Entry No. 6). To-date, Plaintiff has taken no action to have summonses issued and to serve Defendants with process in the case.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because more than 90 days have passed since this action was filed and Defendants have not been served with process, the action must be dismissed

without prejudice in accordance with Rule 4(m). The Court notes that Plaintiff was specifically advised in the Court's two prior Orders that the action would be dismissed if process was not timely served on Defendants. Although Plaintiff is proceeding *pro se,* he must still comply with the basic procedural rules applicable to all litigants. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("*pro se* parties must follow the same rules of procedure that govern other litigants").

## R E C O M M E N D A T I O N

Accordingly, it is respectfully RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.[1]

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

*[signature]*
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

2